UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER B. ROBINSON

    Plaintiff,

v.

ALLSTATE, WILLIAM HILL,
JULIE PARSONS, SUSAN L. LEES,
YIGANIS BELLO, JESSICA YATES,
MICHAEL BRUCE SMITH,
ALLSTATE, and
PROGRESSIVE

    Defendants.
_____/

Civil Case No. 23-11925
Honorable Linda. V. Parker

### OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE

On August 7, 2023, Plaintiff filed this pro se action against Defendants and an application to proceed in forma pauperis. This lawsuit arises from a car accident on August 7, 2022, which occurred when Defendant Michael Bruce Smith ran a stop sign while speeding. Plaintiff alleges that Smith's actions caused a car accident that left Plaintiff with severe spinal cord damage, resulting in multiple cervical surgeries with fusions in Plaintiff's neck. Plaintiff's claims against Smith and Smith's insurance provider, Defendant Progressive, appear to arise from Smith's violation of Michigan traffic laws.

Further, Plaintiff alleges violations of his constitutional rights by Defendants Allstate and Allstate's Presidents William Hill and Julie Parsons, Secretary Susan L. Lees, Adjuster Yiganis Bello, and Branch Manager Jessica Yates (collectively "Allstate Defendants"). Plaintiff claims that the Allstate Defendants falsified office documents that altered Plaintiff's mother's auto policy without Plaintiff's mother's knowledge or consent. As a result, Plaintiff's surgeries were delayed, forcing Plaintiff to suffer unnecessary pain and suffering and exacerbating Plaintiff's lifelong medical complications. Plaintiff cites to his rights under the Eighth and Fourteenth Amendment in his Complaint. Plaintiff indicates in the Complaint that jurisdiction is premised on 28 U.S.C. §§ 1331 and 1343 and that supplemental jurisdiction is premised on 28 U.S.C. § 1367.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a general rule, federal courts only have jurisdiction over matters that arise under the Constitution, laws, or treaties of the United States, 18 U.S.C. § 1331, or where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, 18 U.S.C. § 1332.

Moreover, district courts are required by statute to dismiss an action brought under federal law in forma pauperis if the complaint is frivolous, malicious, fails to

2

state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) (explaining that a district court must dismiss a case if the complaint falls within the requirements of § 1915(e)(2) when filed). This Court is granting Plaintiff's application to proceed in forma pauperis. However, because Plaintiff does not allege a viable claim under federal law and diversity jurisdiction is lacking, this Court lacks subject matter jurisdiction. Accordingly, this Court is granting Plaintiff's application to proceed in forma pauperis but, for the reasons set forth below, is dismissing the action without prejudice against Defendants.

To start, federal question jurisdiction is lacking because Plaintiff does not allege a viable claim arising under the Constitution, laws, or treaties of the United States. Plaintiff asserts violations of his rights under the United States Constitution but—with limited exceptions not applicable here—such claims must be raised under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) (holding that § 1983 is the exclusive remedy for alleged violations of a plaintiff's constitutional rights).

To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) this deprivation was caused by a person *acting*

*under the color of state law*. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Defendants are private actors, and therefore, are not entities or individuals subject to suit under § 1983. "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Consequently, Plaintiff's claims against Defendants do not provide a basis for federal subject matter jurisdiction.

Next, diversity jurisdiction is lacking because Plaintiff and at least Smith are not citizens of different states. Rather, they are both citizens of Michigan. (*See* ECF No. 1 at Pg ID 3, 100.)

To the extent Plaintiff has valid claims against Defendants—although the Court is not suggesting or stating that he does—those claims arise under state, not federal, law. Plaintiff may pursue those claims in state court.

In sum, this Court lacks federal subject matter jurisdiction over Plaintiff's Complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is summarily dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).[1]

                                              s/ Linda V. Parker
                                              LINDA V. PARKER
                                              U.S. DISTRICT JUDGE

Dated: August 28, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 28, 2023, by electronic and/or U.S. First Class mail.

                                              s/Aaron Flanigan
                                              Case Manager

---

[1] This Court emphasizes that Plaintiff's Complaint is dismissed *without prejudice*. Plaintiff is not precluded from filing his claims against Defendants in state court.